# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**GHETTO DOPE RECORDS, LLC,**
**et al.,**

    **Plaintiffs,**

  v.                                                                **Case No. 22-CV-229**

**DEPARTMENT OF THE TREASURY**
**AND INTERNAL REVENUE SERVICES,**

    **Defendant.**

---

### DECISION AND ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT

---

On February 23, 2022, Ghetto Dope Records, LLC and Spot Kinez, LLC, filed a *pro se* complaint against the United States Department of the Treasury and Internal Revenue Services. (Docket # 1.) Plaintiffs also file a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Upon receipt of plaintiffs' filings, the Clerk's Office informed plaintiffs' representative that only attorneys may represent a business or corporation—businesses may not appear *pro se*. (Docket # 3-1.) In response to the Clerk's Office letter, plaintiffs filed a document seemingly indicating that the writer was representing the plaintiff companies and/or requesting that the court recruit *pro bono* counsel on the companies' behalf. (Docket # 3.) The letter was not signed by an individual; rather, it was "signed" by "The Other Side UH Entertainment, LLC." (*Id.* at 4.)

In an Order dated April 5, 2022, I found that it was unclear from plaintiffs' filings whether the writer purporting to represent the plaintiffs was an attorney as the writer did not

provide his or her name. Plaintiffs were reminded that "a limited liability company, like a corporation, cannot litigate pro se or be represented in the litigation by a nonlawyer" *1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015), and were told that if they wished to proceed, they must provide a complaint signed by an attorney representing them. (Docket # 4.)

Plaintiffs also moved for leave to proceed without prepayment of the filing fee; however, the motion provided no financial information. (Docket # 2.) Plaintiffs were given until April 22, 2022 to pay the filing fee and to provide a copy of their complaint signed by an attorney representing the companies. (Docket # 4.) Plaintiffs were warned that failure to comply with the Show Cause Order would result in a recommendation that the action be dismissed.

On April 22, 2022, plaintiffs filed a response to the Show Cause Order (Docket # 5); however, the response provides no further clarity. No counsel has yet entered an appearance on behalf of the companies, nor is the complaint signed by an attorney. Furthermore, plaintiffs have not paid the filing fee.

Because corporations are not allowed to proceed *in forma pauperis*, *Fehribach v. Ernst & Young LLP*, 493 F.3d 905, 913 (7th Cir. 2007) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–06 (1993)), plaintiffs' motion for leave to proceed without prepayment of the filing fee (Docket # 2) is denied. Furthermore, because plaintiffs have neither paid the requisite filing fee nor filed a complaint signed by counsel representing the companies, I recommend the complaint be dismissed without prejudice. [1]

---

[1] Because the defendant has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiffs' complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

**NOW, THEREFORE, IT IS ORDERED** that plaintiffs' motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **DENIED**.

**FURTHER, IT IS RECOMMENDED** that plaintiffs' complaint be dismissed without prejudice and the case be dismissed.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

**SO ORDERED** this 25th day of April, 2022 at Milwaukee, Wisconsin.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge