UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GHETTO DOPE RECORDZS LLC and it's
Subsidiaries and SPOT KINGZ LLC,[1]

        Plaintiff,

  v.

DEPARTMENT OF THE TREASURY and
INTERNAL REVENUE SERVICES,

        Defendants.

Case No. 22-cv-0229-bhl

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

---

        On February 7, 2022, Plaintiffs Ghetto Dope Recordzs, LLC and Spot Kingz, LLC filed a bemused complaint against the United States Department of the Treasury and the Internal Revenue Service (IRS). (ECF No. 1.) Plaintiffs appear to assert that the United States has failed to pay taxes *to them*. (*Id.* at 2.) Dubitable merits aside, the real issue is that no attorney signed the complaint, and limited liability companies may not appear *pro se*. (*Id.* at 3); *See 1756 W. Lake St. LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015). On February 11, 2022, the Clerk of Court alerted Plaintiffs to this defect. (ECF No. 3-1 at 1.) Plaintiffs responded a week later with a new complaint "signed" by the "Law Offices of: The Other Side UH Entertainment LLC," a "representative and pro se attorney." (ECF No. 3 at 1, 4.)

        On April 5, 2022, Magistrate Judge Nancy Joseph issued an Order to Show Cause, giving Plaintiffs two-and-a-half weeks to file a copy of their complaint signed by an actual attorney. (ECF No. 4.) In response, Plaintiffs submitted even more defective papers. (ECF No. 5.) Thus, on April 25, 2022, Judge Joseph issued a Report and Recommendation, recommending that the Court dismiss the case. (ECF No. 7 at 3.) Two weeks later, Plaintiffs filed a document—stylized as an appeal to the Seventh Circuit—that one might generously construe as objections to the Report and

---

[1] The Court has updated the caption to reflect the proper name of the LLCs.

Recommendation. (ECF No. 8.) Because none of the objections has merit, the Court will adopt Judge Joseph's Report and Recommendation and dismiss the case.

## ANALYSIS

A district court reviews, *de novo*, any part of a magistrate judge's disposition to which a party properly objects. *See* Fed. R. Civ. P. 72(b)(3). Where no objection is raised, the magistrate's report is reviewed only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. U.S. Dist. Ct. for N. Dist. of California*, 501 F.2d 196, 206 (9th Cir. 1974)).

Plaintiffs' "objections" are almost impossible to parse. For example, they write: "Judge Nancy Joseph challenged law citations cross examinations of corporations and not the law of the courtroom and constitution when a private pro se attorney and the corporation is all separate of each other with the constitutional right of legal practices." (ECF No. 8 at 2.) To the extent that this is Plaintiffs' attempt to invoke a constitutional right to appear *pro se*, that attempt is misguided. "[A] limited liability company, like a corporation, cannot litigate pro se or be represented in [] litigation by a nonlawyer." *1756 W. Lake St. LLC*, 787 F.3d at 385. Even if The Other Side UH Entertainment LLC is a law office, it cannot sign a complaint in the corporate form; one of the actual attorneys must take that action.

Nothing else in Plaintiffs' "objections" remotely approximates a challenge to any of Judge Joseph's conclusions. The Court will, therefore, adopt Judge Joseph's Report and Recommendation in full.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that, after consideration of Plaintiffs' objections, the Court adopts Judge Joseph's Report and Recommendation in full. The case is therefore **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 15, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge